AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

<table>
<tr><td>United States of America<br>v.<br><br>Adolfo Daniel Cruz-Hernandez<br><br><br><br><br><br>_____<br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.  3-24-mj-71469 MAG</td></tr>
</table>

| | FILED |
|---|---|
| | Oct 02 2024 |
| | Mark B. Busby<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____September 18, 2024_____ in the county of _____San Francisco_____ in the _____Northern_____ District of _____California_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Distribution of and Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit of Task Force Officer Domenico Discenza

☑ Continued on the attached sheet.

|  | //s// |
|---|---|
| | _____ |
| | *Complainant's signature* |
| | Domenico Discenza, Task Force Officer |
| | *Printed name and title* |

Approved as to form _____/S/_____
                  AUSA David B. Countryman

Sworn to before me by telephone.

Date:  October 2, 2024

City and state:         San Francisco, California

Peter H. Kang, United States Magistrate Judge
*Judge's signature*

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN
## ARREST WARRANT AND CRIMINAL COMPLAINT

I, Domenico Discenza, a Task Force Officer with the Drug Enforcement Administration, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1.      I make this affidavit in support of an application for an arrest warrant and criminal complaint charging ADOLFO DANIEL CRUZ-HERNANDEZ ("CRUZ-HERNANDEZ") with 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his knowing distribution of a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), on or about September 18, 2024, in San Francisco, California, in the Northern District of California.

## SOURCES OF INFORMATION

2.      The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses.  Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part.  Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3.      Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case.  Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant.  My understanding of the facts and circumstances of the case may evolve as the investigation continues.

1

## AFFIANT BACKGROUND

4.      I am a Sergeant at the San Francisco Police Department ("SFPD") and have worked as a sworn officer for the SFPD for approximately 25 years.  I have been assigned as a Sergeant at the SFPD Narcotics Unit since March 2023, and prior to that was a Sergeant at the Strategic Investigations/Homicide Detail for approximately nine years.  I am a sworn Task Force Officer ("TFO") for the Drug Enforcement Administration ("DEA").  I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including drug offenses.

5.       In the police academy and at SFPD Detective School, I received narcotics-related and narcotics investigations training, covering all aspects of drug investigations, including identification of controlled substances, physical surveillance, utilization of confidential sources, interview techniques, undercover operations, and the general operation of drug trafficking organizations.  During my career, I have received hundreds of hours of continuing education training in law enforcement investigations, including training on drug trafficking investigations and specifically, methamphetamine and fentanyl investigations.

6.      During my employment at SFPD, I have participated in many controlled substance investigations.  I have discussed the methods and practices used by drug traffickers with other law enforcement officers.  I have also had conversations with drug users and sellers over the course of my career.  I have also participated in many aspects of drug investigations including, but not limited to, undercover operations, records research, physical surveillance, and the execution of federal and state search warrants and arrest warrants that resulted in the arrest of suspects and seizure of controlled substances.  I have reviewed numerous reports related to drug investigations and arrests.  I have also prepared search warrants and arrest warrants related to various crimes against persons investigations.

7.      Based on my training and experience, as well as conversations I have had with

2

drug dealers, and experienced law enforcement officers, I have become familiar with the practices of narcotics traffickers.  Specifically, I am familiar with methods that traffickers use to smuggle, safeguard, transport, and distribute narcotics, and to collect and launder the proceeds of drug trafficking.

8.      I have also had discussions with other law enforcement officers and training about the packaging and preparation of narcotics, the methods of operation, and security measures that are often employed by narcotics traffickers.  I have examined documentation of various methods in which fentanyl and methamphetamine and other illicit drugs are smuggled, transported, possessed with intent to distribute, and distributed.  I am familiar with the appearance of marijuana, heroin, cocaine, methamphetamine, fentanyl, and other controlled substances.

9.      I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued.  Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

10.      **Distribution of a Controlled Substance**.  Under Title 21, United States Code, Section 841(a)(1), (b)(1)(C) it is unlawful for any person to knowingly distribute a federally controlled substance.  Under 21 C.F.R. § 1308.12, methamphetamine is a Schedule II controlled substance.

## STATEMENT OF PROBABLE CAUSE

11.      On September 18, 2024, CRUZ-HERNANDEZ was arrested by San Francisco Police Department (SFPD) officers near Market and Van Ness Streets, an area generally within

3

the Tenderloin District in San Francisco, California, in the Northern District of California.
Based on the facts described below, there is probable cause to believe that CRUZ-HERNANDEZ
violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his distribution of a detectable amount of
methamphetamine.

12.     Earlier in the evening on September 18, 2024, SFPD Officer Jackson was
designated as the undercover "buy officer" in a narcotic "buy/bust" operation to be conducted in
the Tenderloin District.  Before leaving for the operation, Officer Jackson's supervising officer
made photocopies of marked city funds, including ten-dollar bills of United States currency.  The
supervising officer then provided Officer Jackson with the marked bills for the operation.

13.     At about 8:21 p.m., as part of the operation, Officer Jackson was walking on foot
westbound on Market Street on the north sidewalk, just west of Van Ness Avenue. A Hispanic
male adult, later identified as CRUZ-HERNANDEZ, made eye contact with Officer Jackson and
asked, "what you want?"  Officer Jackson responded, "twenty for crystal," using the street term
for methamphetamine. CRUZ-HERNANDEZ then opened his bag, and Officer Jackson observed
multiple small baggies filled with a white crystal-like substance. CRUZ-HERNANDEZ handed
Officer Jackson two small baggies filled with the white crystal-like substance, and Officer
Jackson handed CRUZ-HERNANDEZ two $10 bills of marked city funds.

14.     Officer Jackson provided the pre-arranged by bust signal to her close cover
officers—Officers Menendez and Officer Zografos, who had watched the sale —who broadcast
CRUZ-HERNANDEZ's description to the awaiting arrest team.  Officer Jackson later  delivered
the suspected methamphetamine to Officer Maher.

15.     Officers Nevarez and Officer Loo approached CRUZ-HERNANDEZ and placed
him into handcuffs. Officer Zografos, having observed the sale of suspected methamphetamine,
confirmed that CRUZ-HERNANDEZ was the person who sold the suspected methamphetamine
to Officer Jackson.

16.     CRUZ-HERNANDEZ gave false personal information to the officers, identifying himself by the alias NEIZON-DANIEL CRUZ-MARTINEZ and providing a different date of birth.  CRUZ-HERNANDEZ's true identity was subsequently discovered through fingerprinting.

17.     Officer Maher conducted a search incident to arrest of CRUZ-HERNANDEZ and seized the following from his person: 12.6 grams of suspected methamphetamine, 25.6 grams of suspected fentanyl, one suspected Zanax tablet broken in half, and $89 in U.S. Currency, which included the two $10 bills of marked city funds.  Utilizing a TruNarc testing device, the 12.6 grams of suspected methamphetamine seized from CRUZ-HERNANDEZ's person tested positive for methamphetamine. The suspected fentanyl and Zanax tested positive for cutting agents.

18.     Law enforcement transported CRUZ-HERNANDEZ to the San Francisco Sheriff's Office for booking.

19.     As described in more detail below, CRUZ-HERNANDEZ has a prior criminal history involving, among other things, possessing controlled substances for sale:

- 04/08/2015 – Arrested for possession with intent to distribute in Denver, CO (Case *1913). Disposition: Guilty. Sentenced to 2 years.

- 07/21/2016 – Arrested for felony drug possession in Denver, CO (Case *4634). Disposition: Guilty. Sentenced to 2 Years.

- 02/05/2024 – Arrested in San Francisco for four felony counts of possession of a controlled substance with intent to sell (California Health and Safety Code §§ 11351, 11378 and 11350(a)) and carrying a switchblade knife (California Penal Code § 21510(b)) (Case *2119). CRUZ-HERNANDEZ was charged in San Francisco Superior Court and granted pretrial release with electronic monitoring with an order to stay 150 yards away from 7th and Mission Streets.

      o   02/26/2024 – CRUZ-HERNANDEZ failed to appear for a suppression hearing in San Francisco Superior Court and the state court issued a bench warrant for CRUZ-HERNANDEZ's arrest.

- 09/18/2024 – CRUZ-HERNANDEZ arrested in this case.

20.     Based on my training and experience, there is probable cause to conclude that CRUZ-HERNANDEZ distributed methamphetamine, a controlled substance, to Officer Jackson on September 18, 2024.  Moreover, based on my training and experience, the amounts and variety of substances that CRUZ-HERNANDEZ had on his person when he was arrested on September 18, 2024, their packaging and his conduct, among other things, are all consistent with CRUZ-HERNANDEZ possessing the controlled substances for distribution.

## CONCLUSION

21.     Based on the information above, there is probable cause to believe that on or about September 18, 2024, CRUZ-HERNANDEZ violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his distribution of a detectable amount of methamphetamine.  Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.


_____/s/_____
Domenico Discenza
Task Force Officer
Drug Enforcement Administration


Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 2nd day of October 2024.

_____
HONORABLE PETER H. KANG
United States Magistrate Judge

6